## Ashley v. Hays, et al.

(Decided March 8, 1918.)

### Appeal from Pulaski Circuit Court.

Partnership—Finding of Chancellor—Evidence—Sufficiency.—In a suit to settle an alleged partnership, evidence examined and held to sustain the finding of the chancellor that no partnership existed.

O. H. WADDLE & SONS and E. T. WORLEY for appellant.

W. M. CATRON, J. W. COLYAR and J. W. RAWLINGS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

W. B. Ashley brought this suit against F. S. Hays to settle an alleged partnership. The chancellor held that he and Hays were not partners and dismissed the petition. Ashley appeals.

According to the testimony of Ashley, he and Hays went into the business of manufacturing, buying and selling cross-ties, staves, etc. By the contract between them, Hays was to furnish the money and Ashley was to do the work and the profits and losses were to be shared equally. Jacob Wesley who had been employed to inspect certain lumber that E. R. Spotswood had purchased from W. B. Ashley, testified that Hays said to him, "Now, Jake, I don't ask you to rob Spotswood, but give us a good grade as you possibly can. I am interested in that lumber." Hays further told him that he was furnishing the money and Ashley was doing the work and they were dividing the profits. On another occasion Spotswood and Ashley had a spat and Ashley told Spotswood that he could not have the lumber. Witness said that Hays was Ashley's partner. Spotswood suggested that they see Hays. They did so and Hays then said that he and Ashley were not partners. Afterwards Hays said, "Jake, I told you not to tell anyone I was putting up this money." On cross-examination witness stated that at no time did Hays say that he and Ashley were partners. Sol. Ashley testified that Hays told him that he and W. B. Ashley were in business together, that they divided the cost and that Ashley was to get out and hustle and do the work while Hays was to furnish the money.

On the other hand, Hays who was the cashier of the First State Bank at Eubanks, testified that he was to back Ashley in getting the necessary money to carry on the business and that Ashley was to pay him 2 cents on each tie and $2.00 per thousand feet on staves. C. L. Gooch, who worked in the bank at the time, also testified that Hays was interested with Ashley to the extent that Hays was to get 2 cents on each tie and $2.00 per thousand feet on staves. It further appears that Ashley executed to the bank a mortgage which specified that this was the commission which Hays was to receive. It further appears that Ashley executed a note and mortgage not only to the bank, but also a note and mortgage to Hays. It was also shown that Ashley sold lumber and stock to Hays and that the purchase price was to be credited on Ashley's indebtedness. There are also in the record certain checks given by Ashley in payment of Hays' commission on the basis of 2 cents per tie and $2.00 per thousand feet for staves.

While Ashley attempted to deny the execution of the mortgage to the bank, its execution was conclusively proved by a number of witnesses who were acquainted with his signature; and while he says that the notes and mortgages were executed for the accommodation of Hays and the bank in order to avoid trouble with the bank examiner, this explanation of their execution is by no means satisfactory in view of the fact that he sold certain property to Hays with the understanding that the purchase price was to be credited on the indebtedness. Even if the solution of the case depended on the oral evidence of the parties, we doubt if it could be said that the decision of the chancellor was not sustained by the evidence. When, therefore, we consider the numerous circumstances tending to show that the indebtedness incurred in the transaction of the business was recognized by Ashley as his individual indebtedness and that the payments to Hays were made on the basis of a commission on the number of ties and quantity of staves sold, we conclude that the chancellor did not err in holding that no partnership existed between the parties.

Judgment affirmed.